**\*\* NOT FOR PRINTED PUBLICATION \*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BETTY KENNEBREW and CARL KENNEBREW, | § § § | |
| *Plaintiffs*, | § § | Civil Action No. 1:11CV149 |
| v. | § § | JUDGE RON CLARK |
| WAL-MART STORES, INC., a/k/a WAL-MART STORES TEXAS, L.L.C. and WALTER LASHLEY, | § § § § § | |
| *Defendants*. | § | |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Plaintiffs Betty and Carl Kennebrew filed suit in the District Court of Jasper County, Texas, alleging claims for negligence against Defendants Wal-Mart Stores, Inc. and Walter Lashley in connection with injuries allegedly sustained by Ms. Kennebrew after a fall at the Wal-Mart in Jasper, Texas. Defendants timely removed the case to this court on diversity grounds. Plaintiffs now move to remand, on the ground that the amount in controversy requirement is not met.

Because Defendants did not make any showing of the amount in controversy and it is not apparent from the face of the Complaint that the amount in controversy in this case exceeds $75,000, Plaintiffs' post-remand affidavit stipulating that they seek less than $75,000 in damages can be considered. In light of this affidavit, Plaintiffs' motion to remand is granted and the case is remanded to the District Court of Jasper County, Texas.

1

**I. BACKGROUND**

According to Plaintiffs' Complaint, while shopping at the Wal-Mart Supercenter in Jasper, Texas, Ms. Kennebrew allegedly sustained injuries due to Wal-Mart's negligence. As is permitted under the Texas Rules of Civil Procedure, the Complaint does not provide the details of the incident, describe Ms. Kennebrew's injuries, or even indicate what part of her body was injured. Likewise, no monetary amount is specified. *See, e.g.*, Doc. # 5, Ex. A.

**II. APPLICABLE LAW**

This is a court of limited jurisdiction and may hear a case only when jurisdiction is both authorized by the United States Constitution and confirmed by statute. *Owen Equip. Co. v. Kroger*, 437 U.S. 365, 371, 98 S. Ct. 2396, 2401 (1978). There is no federal question jurisdiction in this case, so for jurisdiction to exist there must be complete diversity and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Neither party disputes that diversity of citizenship exists.[1]

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because the removal statute is strictly construed in favor of remand, any doubts should be resolved against removal. *Id.*

---

[1] Both Plaintiffs are Texas citizens. Defendant Walter Lashley is a Louisiana citizen. Defendant Wal-Mart Stores Texas L.L.C. is a Delaware limited liability company with one member, Wal-Mart Stores East, L.P. Wal-Mart Stores East, L.P. is a Delaware limited partnership, comprised of a general partner (WSE Management, L.L.C.) and a limited partner (WSE Investment, L.L.C.), both of which are Delaware limited liability companies. The sole member of both the general and limited partner entities is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Arkansas. Defendants assert that Wal-Mart Stores Texas L.L.C. is the proper name for the Defendant incorrectly named as Wal-Mart Stores, Inc. However, even if Defendants are incorrect, Wal-Mart Stores, Inc. is also not a Texas entity; rather, Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas.

In considering whether this burden has been met, the court first looks to the Complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount. *Manguno*, 276 F.3d at 723. Where, as in this case, the Complaint does not include a specific monetary demand[2], Defendants:

> must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 . . . This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) that the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.

*Id.*

### III. DISCUSSION

Plaintiffs' motion for remand argues that they are not seeking more than $75,000, supported by an affidavit from Plaintiffs' counsel March Coffield, dated after the case was removed, in which he states that Plaintiffs stipulate they will seek less than $75,000. Doc. # 8, Ex. B.

Defendants are correct that the general rule is that the jurisdictional amount is determined at the time of removal, and Plaintiffs cannot avoid federal jurisdiction by stipulating after removal to an amount of damages below the jurisdictional minimum.[3] However, post-removal affidavits may be considered if the basis for jurisdiction is ambiguous or unclear at the time of removal, or where it is not facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

---

[2]Under Texas law, Plaintiffs are prohibited from pleading for specific amounts in cases of unliquidated damages. Tex. R. Civ. P. 47(b).

[3]*See, e.g., De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Ray Mart, Inc. v. Stock Building Supply of Texas, LP*, 435 F. Supp. 2d 578, 586 (E.D. Tex. 2006).

Here, it is not facially apparent from the Complaint that the amount in controversy exceeds $75,000. The Complaint states no monetary demand. No item of special damages is stated as required by Tex. R. Civ. P. 56. Defendant filed no special exception under Tex. R. Civ. P. 91 to require Plaintiffs to state the monetary amount claimed as allowed by Tex. R. Civ. P. 47. Defendants provide no evidence of the amount in controversy, such as a demand letter, medical bills, or a description of the severity of Ms. Kennebrew's injuries from a witness to the incident.

Because it is not facially apparent that the amount in controversy exceeds $75,000, the court may consider Plaintiffs' post-filing affidavit stipulating that the amount in controversy is less than $75,000. Defendants chose not to submit any evidence that the amount in controversy exceeds $75,000, as is required for diversity jurisdiction to exist. The court must construe the removal statute strictly in favor of remand. Therefore, Plaintiffs' motion is granted and this case is remanded to the District Court of Jasper County, Texas.

IT IS THEREFORE ORDERED that Plaintiffs Betty Kennebrew and Carl Kennebrew's Motion to Remand [Doc. # 8] is GRANTED. This case is remanded to the District Court of Jasper County, Texas.

So **ORDERED** and **SIGNED** this **17** day of **May, 2011.**

_____
Ron Clark, United States District Judge